UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

KEVIN JACKSON, and all similarly          :
situated prisoners,                       :
                                          :    CIV. NO. 23-23183 (RMB-AMD)
                    Plaintiff             :
                                          :
        v.                                :              OPINION
                                          :
PHIL MURPHY, GOVERNOR of                  :
STATE OF NEW JERSEY, et al.,              :
                                          :
                    Defendants            :

**BUMB, Chief United States District Judge**

This matter comes before the Court upon *pro se* Plaintiff Kevin Jackson's ("Plaintiff")

submission of a civil rights action (Compl., Dkt. No. 1), an amended complaint (Am.

Compl., Dkt. No. 6), a motion for preliminary injunction (Mot. for P.I., Dkt. No. 2), two

omnibus motions for emergency relief (Omnibus Mot., Dkt. Nos. 3, 5), and a motion for an

order to show cause (Mot. for Order to Show Cause, Dkt. No. 4.)

## I.    AMENDED COMPLAINT AND IFP APPLICATION

The gravamen of the amended complaint is that the defendants censored and

otherwise interfered with Plaintiff's incoming and outgoing legal mail, outside Plaintiff's

presence and without justification or notice to Plaintiff, in violation of the First Amendment

right to freedom of speech.   Delayed receipt of his legal mail resulted in the dismissal of a

civil action Plaintiff had filed.   (Am. Compl., Dkt. No. 6.)

As part of Plaintiff's omnibus motions (Dkt. Nos. 3 and 5), Plaintiff seeks to proceed

*in forma pauperis* under 28 U.S.C. § 1915(a).   Plaintiff, however, did not submit an affidavit

of poverty or certified prison trust fund account statement, as required under 28 U.S.C. § 1915(a).   Local Civil Rule 54.3(a) provides, in relevant part:   "Except as otherwise directed by the Court, the Clerk shall not be required to enter any suit, file any paper, issue any process or render any other service for which a fee is prescribed by statute … nor shall the Marshal be required to serve the same … unless the fee therefor is paid in advance."   Plaintiff's amended complaint will not be docketed or served on the defendants until he submits an IFP application or pays the filing fee.

## II.    REQUEST FOR TRO AND OTHER RELIEF

Notwithstanding Plaintiff's failure to pay the filing fee or submit an IFP application, Plaintiff has requested "emergency relief," which this Court construes as a temporary restraining order ("TRO").   The defendants have not had notice of the amended complaint or the motion for a TRO.   Plaintiff's motion is governed by Federal Rule of Civil Procedure 65(b)(1), which provides:

> (b) Temporary Restraining Order.
>
> > (1) Issuing Without Notice. The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
> >
> > > (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
> > >
> > > (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

2

Ordinarily, TROs maintain the status quo.   *Hope v. Warden York Cnty. Prison*, 956 F.3d 156, 160 (3d Cir. 2020) (citing *Granny Goose Foods Inc. v. Bhd. Of Teamsters*, 415 U.S. 423, 439 (1974) (additional citations omitted)).   "[U]nder federal law [TROs] should be restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." *Id.*   A moving party must show "that he is 'more likely than not' to suffer irreparable harm if a temporary restraining order is not granted.   *Camacho Lopez v. Lowe*, 452 F. Supp. 3d 150, 163 (M.D. Pa. 2020), *as amended* (Apr. 9, 2020), for text, see No. 3:20-CV-563, 2020 WL 1812445 (M.D. Pa. Apr. 9, 2020) (quoting *Reilly v. City of Harrisburg*, 858 F.3d 173, 179 (3rd Cir. 2017)).   The harm must be imminent, probable, and of such irreversible character that prospective relief would be inadequate to make the movant whole.   *Id.* (citations omitted). The movant must also establish the likelihood of success on the merits.   *Id.* at 160.

The relief sought by Plaintiff is a temporary restraining order and/or preliminary injunction:

> Enjoining defendants Bayside State Prison and the New Jersey Department of Corrections, and all those acting as agents on their behalf from returning to sender or refusing to receive legal mail and legal papers sent from legitimate sources, seizing legal papers due to suspicion and tampered paperwork, and legal work furnished on electronic media formats such as but not limited to DVDs, USB-Drive(s) and/or CD-ROMS….

(Dkt. No. 4 at 2.)

A prison's legal mail policy that burdens prisoners' First Amendment rights is not unconstitutional if the policy is "'reasonably related to legitimate penological interests.'" *Jones v. Brown*, 461 F.3d 353, 360 (3d Cir. 2006) (quoting *Turner v. Safely*, 482 U.S. 78, 89

(1987)).   Prior to the opportunity for defendants to be heard on the penological interests that may justify the challenged policies or practices, it is especially difficult for a plaintiff to show a violation of the First Amendment.   Plaintiff submitted a certification in support of his TRO motion.   (Certification, Dkt. No. 2-1.)   He asserts that a policy in the Inmate Handbook conflates legal materials with all other forms of inmate property, ignoring the confidence that attaches to legal materials.   Therefore, the policy and regulations are not rationally related to legitimate penological objectives.   (*Id.*, ¶ 6.)   Plaintiff contends that indifference to the confidentiality of his legal materials ("creates a pervasive risk of injury and unnecessary harm if allowed to continue" and "the current reading and copying of" his legal mail "will cause irreparable injury of a constitutional magnitude.   (*Id.*, ¶¶ 7, 8.)

At this early stage, without a response by the defendants regarding any legitimate penological interests behind their legal mail policy and practices, the Court cannot conclude Plaintiff has a likelihood of success on the merits.   Furthermore, Plaintiff has not established that an imminent and irreparable injury will probably occur if a TRO does not issue.   The possibility of Plaintiff suffering an actual injury in litigation as a result of interference with his legal mail is too speculative to establish an imminent and irreparable injury.   *See, e.g., Besselaar v. Stallworth*, No. CV 21-0037-JB-MU, 2021 WL 1653141, at *3 (S.D. Ala. Mar. 31, 2021), *report and recommendation adopted*, No. CV 21-0037-JB-MU, 2021 WL 1651215 (S.D. Ala. Apr. 27, 2021).   For these reasons, the Court will require Plaintiff to pay the filing fee or submit an IFP application, at which time the Court will screen the amended complaint and direct service on the appropriate defendants, who shall have an opportunity to respond to Plaintiff's motion for a TRO or preliminary injunctive relief.

**III.    CONCLUSION**

For the reasons set forth above, the Court will deny Plaintiff's request for a TRO without prejudice, and administratively terminate this action subject to reopening upon payment of the filing fee or submission of an IFP application.


**DATE:   January 10, 2024**

s/Renée Marie Bumb
**RENÉE MARIE BUMB**
**Chief United States District Judge**

5